[No. 17886.    Department Two.    August 9, 1923.]

ALONZO WILSON, *Appellant*, v. PETER LEVIN *et al.*, *Respondents*.[1]

APPEAL (418)—REVIEW—FINDINGS. Findings in an action at law tried to the court will not be disturbed on appeal when it cannot be said that the evidence does not preponderate against them.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered November 16, 1922, upon findings in favor of the defendant, dismissing on the merits an action for personal injuries, tried to the court. Affirmed.

*Elias A. Wright* and *Sam A. Wright*, for appellant.

*Stiger & Kaune*, for respondents.

TOLMAN, J.—This is an action to recover for personal injuries, sustained by plaintiff as a result of

[1]Reported in 216 Pac. 870.

being struck by defendants' automobile. The cause was tried to the court sitting without a jury, and resulted in findings to the effect that defendants were not negligent, and that the accident and its resultant injuries were caused by the negligence of the plaintiff. From a judgment based on these findings, denying any recovery, the plaintiff has appealed.

The questions to be determined are questions of fact only, and as the facts in no two cases are exactly alike, we see no good purpose to be served by setting forth and discussing the evidence in the case and the different conclusions drawn therefrom by the contending parties.

After a careful consideration of the entire record, we are forced to the conclusion that, while there was ample testimony to carry the question of respondents' negligence to a jury, had the case been tried to a jury, yet, as that question was submitted to the court for decision, and since we are now convinced that the evidence does not preponderate against the trial court's findings thereon, we must, under the familiar and long followed rule of this court, concur therein. That finding supports the judgment appealed from, and it is therefore unnecessary to consider or pass upon the question of appellant's negligence.

The judgment is affirmed.

MAIN, C. J., FULLERTON, PARKER, and PEMBERTON, JJ., concur.